UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

CARE ORIGIN, INC.,
A Michigan Corporation,

        Plaintiff,

Case No.:
The Hon.:

v

THE UNITED STATES OF AMERICA,
COMMUNITY HEALTH ACCREDITATION
PROGRAM, a Washington D.C. Corporation,
CENTERS FOR MEDICARE & MEDICAID
SERVICES, an Indiana Corporation,
NATIONAL GOVERNMENT SERVICES, INC.,
A Chicago, IL Corporation,
PSAVD, LLC, a Michigan Limited Liability
Company, and
CHERRY CATTRAL, a Michigan Individual,
Jointly and Severally,

JURY TRIAL
DEMANDED

        Defendants.

_____/

Chambers & Associates, PLLC
Stephon E. Johnson (P39546)
535 Griswold St., Ste. 1330
Detroit, MI 48226
(313) 964-5557
_____/

       There is no other legal civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint, pending in this court, nor has any such action been previously filed and dismissed or transferred, after having been assigned to a judge, nor do I know of any other action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint, that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____/

**PLAINTIFF'S COMPLAINT**

1

**NOW COMES** PLAINTIFF, by and through its attorneys, CHAMBERS & ASSOCIATES, PLLC, and for its complaint states as follows:

1. Each of the causes of action alleged in this Complaint arose in the City of Detroit, County of Wayne, State of Michigan.

2. At all times relevant hereto, Plaintiff, a Michigan corporation, was headquartered in and had its primary place of business in the City of Detroit, County of Wayne, State of Michigan.

3. That, upon information and belief, Defendant, Community Health Accreditation Program is a corporation organized and existing under the laws of the District of Columbia. It is authorized to do business in the City of Detroit, State of Michigan.

4. That, upon information and belief, Defendant, Centers for Medicare and Medicaid Services is a corporation organized and existing under the laws of the State of Indiana. It is authorized to do business in the City of Detroit, State of Michigan.

5. That, upon information and belief, Defendant, National Government Services, Inc. is a corporation organized and existing under the laws of the State of Illinois. It is authorized to do business in the City of Detroit, State of Michigan.

6. That, upon information and belief, Defendant PSAVD, LLC is a Michigan limited liability company with its principal place of business in the City of Detroit, County of Wayne, State of Michigan.

7. That, upon information and belief, Defendant Cherry Cattral is a Michigan resident who resides in Wayne County, Michigan.

8. That the United States of America is a Defendant in this matter. Upon

information and belief, Defendants Community Health Accreditation Program, Centers for Medicare & Medicaid Services, and National Government Services, Inc. are agents of Defendant United States of America and act on behalf of Defendant United States of America.

9. This action arises out of a sale and purchase contract entered into between Plaintiff, Defendant PSAVD, LLC and Defendant Cherry Cattral.

10. This action further arises out of the Medicare and Medicaid enrollment, provider and participant documents, rules and regulations resulting in provider number 1245342310 and CCN: 23-7545.

11. That, at all times relevant hereto, Defendant, Cherry Cattral, was an owner, agent and/or employee of Defendant PSAVD, LLC, acting within the scope of her ownership interest and/or employment except as otherwise pleaded herein.

12. The amount in controversy in this litigation exceeds the sum of One Hundred Thousand ($100,000.00) Dollars, exclusive of cost, interest, and attorney fees.

## COUNT I

### COMPLAINT FOR DECLARATORY JUDGMENT

13. Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1 through 12 as though fully set forth herein.

14. This action arises out of the Medicare and Medicaid enrollment, provider and participant documents, rules and regulations resulting in provider number 1245342310 and CCN: 23-7545 highlighted above.

15. Under said rules and regulations, Plaintiff had the ability to sell its home health agency operations to another healthcare provider, along with transferring the

ability to bill patients and the relevant Medicare and Medicaid entities and along with transferring the concomitant liabilities and responsibilities for billing, accounting, reporting and reimbursement, if necessary, through Defendants Community Health Accreditation Program, Defendant Centers For Medicare & Medicaid Services, and Defendant National Government Services, Inc. as long as it followed and the transaction was approved through the relevant change of ownership ("C.H.O.W.", or CHOW) provisions.

16. Plaintiff followed the relevant CHOW provisions and was led to believe, by Defendant Community Health Accreditation Program, Defendant Centers For Medicare & Medicaid Services, and Defendant National Government Services, Inc. that the CHOW provisions had been satisfied, that the transfer to Defendant PSAVD, LLC and Defendant Cherry Cattral had been approved and that liabilities for billing, accounting and reimbursement of payments had been transferred to Defendant PSAVD, LLC.

17. Pursuant to the sale transaction and the relevant CHOW provisions and filings, Defendant PSAVD, LLC became the agency or provider responsible for billing, accounting and record-keeping for any patients served.

18. Accordingly, Defendant PSAVD, LLC billed Defendant Centers For Medicare & Medicaid Services for services purportedly rendered.  The relevant billing procedures allowed for requests for anticipated payment (RAP) after the initial evaluation, which advance payment may call for reimbursement if subsequent payment invoicing is not sufficient to cover any claimed overpayments by Defendant Centers For Medicare & Medicaid Services.

19. Following this RAP procedure, Defendant PSAVD, LLC incurred liabilities for purported overpayments.

20. Plaintiff received requests from Defendant Centers For Medicare & Medicaid Services for repayments of amounts that were paid through to Defendant PSAVD, LLC.

21. Despite Plaintiff's requests to Defendant PSAVD, LLC and Defendant Cherry Cattral have refused to comply with Defendant Centers For Medicare & Medicaid Services's requests for reimbursement.

22. Defendant Community Health Accreditation, Defendant Centers For Medicare & Medicaid Services, Defendant National Government Services, Inc. are holding Plaintiff responsible for Defendant PSAVD, LLC's and Defendant Cherry Cattral's failure to fulfill their accounting, record-keeping, billing and reimbursement responsibilities.

23. Under these facts, there is an actual controversy between the parties, and a multiplicity of litigation will be avoided if all of these issues are determined by this court at one time.

24. This court has power under Federal Claims Collection Act to adjudicate the matters at issue and enter its judgment declaring the rights of all parties to this action.

25. It is necessary for this court to adjudicate and declare the rights and liabilities of the parties to this action to guide the Defendants' future conduct and preserve legal rights under the applicable enrollment, provider and participant documents, rules and regulations. This court's determination will further resolve Plaintiff's

continued susceptibility to Defendants' demands for repayment for which Plaintiff should not be held liable.

WHEREFORE, PLAINTIFF CARE ORIGINS, INC. respectfully requests that this Honorable Court declare and order that it has no liability to Defendants to repay any overpayments relating to payments made for patients under the care of Defendant PSAVD, LLC and Defendant Cherry Cattral.

## COUNT II

## FRAUDULENT MISREPRESENTATIONS

26. Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1 through 25, as though fully set forth herein.

27. During the negotiations for the sale and purchase of the home health portions of its operations to Defendant PSAVD, LLC and Defendant Cherry Cattral, representatives for the Defendants stated that the Defendants would treat, care for and bill for patients appropriately and in accordance with the applicable rules and ethical considerations.

28. Plaintiff believed Defendants' statements to be true and, in reliance upon the statements, entered into an asset purchase agreement, a bill of sale and a subsequent Billing Authorization Agreement.

29. Accordingly, the transaction was consummated and Defendant PSAVD, LLC was allowed to bill the patients with Plaintiff's appropriate identifying numbers and codes.

30. Defendants PSAVD, LLC and Cherry Cattral intentionally made false representations of their intentions regarding appropriate treatment and billing to Plaintiff.

31. Defendants PSAVD, LLC and Cherry Cattral knew that their representations were false when they were made.

32. Defendants PSAVD, LLC and Cherry Cattral knew that their representations were false when they were made or they made them recklessly, without knowing whether they were true.

33. Defendants PSAVD, LLC and Cherry Cattral intended that Plaintiff rely on the representations.

34. Plaintiff relied on Defendants PSAVD, LLC and Cherry Cattral's false representation in the sale purchase transaction and in the Billing Authorization Agreement transaction and subsequent actions.

35. As a result of Defendants PSAVD, LLC and Cherry Cattral's fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

## COUNT III

## INNOCENT MISREPRESENTATION

36. Plaintiff incorporates by reference paragraphs 1 through 35.

37. Defendants PSAVD, LLC and Cherry Cattral's representations, as set forth in the preceding paragraphs, were made in connection with the making of contracts between Plaintiff and Defendants.

38. Plaintiff would not have entered into the contracts if Defendants had not made the representations.

38. Plaintiff suffered substantial economic losses as a result of entering into the contracts, and its losses benefited Defendants.

## COUNT IV

## EXEMPLARY DAMAGES

39. Plaintiff incorporates by reference paragraphs 1 through 38.
40. Defendants PSAVD, LLC and Cherry Cattral's representations were made intentionally and maliciously and have caused Plaintiff to suffer humiliation, outrage, and indignation and have caused Plaintiff to become susceptible to harassment, rancor from and liabilities to, the other Defendants.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court issue a judgment on behalf of Plaintiff in its favor and against Defendants PSAVD, LLC and Cherry Cattral and award the following damages:

1. Compensatory damages in an amount that is in excess of Twenty Five Thousand ($25,000.00) Dollars, and that is sufficient to compensate Plaintiff for its actual, consequential and incidental losses sustained as a result of Defendants' wrongful actions.
2. Exemplary damages in an amount in excess of Twenty Five Thousand ($25,000.00) Dollars, resulting from Defendants' intentional and malicious actions, and
3. interest, costs and reasonable attorney's fees.

Date: May 25, 2012                                          Respectfully submitted,

/s/ Stephon E. Johnson

Chambers & Associates, PLLC
Stephon E. Johnson (P39546)
535 Griswold St., Ste. 1330
Detroit, MI 48226
(313) 964-5557

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

**CARE ORIGINS, INC.,**
A Michigan Corporation,

     **Plaintiff,**

                  Case No.:
                  The Hon.:

v

**THE UNITED STATES OF AMERICA,**
**COMMUNITY HEALTH ACCREDIATION**
**PROGRAM, a Washington D.C. Corporation,**
**CENTERS FOR MEDICARE & MEDICAID**
**SERVICES, an Indiana Corporation,**
**NATIONAL GOVERNMENT SERVICES, INC.,**
A Chicago, IL Corporation,
**PSAVD, LLC, a Michigan Limited Liability**
Company, and
**CHERRY CATTRAL, a Michigan Individual,**
Jointly and Severally,

     **Defendants.**
_____/
Chambers & Associates, PLLC
Stephon E. Johnson (P39546)
535 Griswold St., Ste. 1330
Detroit, MI 48226
(313) 964-5557
_____/

### PLAINTIFF'S JURY DEMAND

  **NOW COMES** Plaintiff, by and through its attorneys, Chambers & Associates, PLLC, and respectfully requests a trial by jury.

Date: May 25, 2012       Respectfully submitted,

               /s/ Stephon E. Johnson

               Chambers & Associates, PLLC
               535 Griswold St., Ste. 1330
               Detroit, MI 48226
               (313) 964-5557